IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TYRAFRED CAMPBELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-14 |
| v. | |
| LT. TERRY MOYE; and GEORGIA STATE PRISON, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 arising out of the alleged violations of his Eighth Amendment rights while incarcerated at Georgia State Prison in Reidsville, Georgia. Doc. 1. This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Any claims by Plaintiff against Georgia State Prison; and

2. Any claims by Plaintiff against Defendant Moye in his official capacity.

However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court directs service, by separate Order, of Plaintiff's Eighth Amendment claim against Defendant Moye in his individual capacity.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is presently incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia. Doc. 1 at 4. He brings this lawsuit under 42 U.S.C. § 1983 based on events

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

that occurred on September 17, 2017, while he was incarcerated at Georgia State Prison. Doc. 1. Specifically, Plaintiff alleges on that date, Defendant Moyes sprayed him with pepper spray in his cell for refusing to follow orders. Plaintiff claims excessive force was used on him "for nothing," in violation of his Eighth Amendment rights. Id. at 5. As relief, Plaintiff seeks monetary damages. Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). During the initial screening, the court must identify any cognizable claims in the complaint. Id. Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[2] Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

---

[2] Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. At this stage, the Court accepts as true a plaintiff's factual allegations. Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

### I.     Claim Against Georgia State Prison

Plaintiff appears to have included Georgia State Prison as a Defendant in his case heading. See Doc. 1 at 1. Rule 17(b) of the Federal Rules of Civil Procedure, which governs the specific individuals and entities capable of being sued in federal court, directs this Court to look at the law of this state in determining whether a defendant such as Georgia State Prison can be sued. See Fed. R. Civ. P. 17(b)(3). Under Georgia law, "in every suit there must be a legal entity as the real plaintiff and the real defendant. [Georgia] recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (citing Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (finding sheriff's department not a legal entity subject to suit)). This Court, in considering Georgia law, has previously concluded that a "State Prison, as a division of the Georgia Department of Corrections, is not a separate legal entity capable of being sued." See Jamelson v. Unnamed Defendant, Civil Action No.: 6:17-cv-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018).

Further, because the State of Georgia would be the real party in interest in a claim against Georgia State Prison, Eleventh Amendment immunity also bars Plaintiff's suit. In Will v. Michigan Department of State Police, the United States Supreme Court, citing to longstanding principles of state immunity, concluded that "a State is not a person within the meaning of

3

§ 1983" and applied this holding to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  491 U.S. 58, 64, 70 (1989).  Based on the foregoing, Georgia State Prison is not a proper party Defendant, and I **RECOMMEND** the Court **DISMISS** Georgia State Prison from this action.

**II.     Claims for Monetary Damages Against Defendant Moye in his Official Capacity**

To the extent Plaintiff attempts to assert a § 1983 claim for monetary damages against Defendant Moye in his official capacity, he cannot do so.  See Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); see also Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) ("Such an action is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme.").  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 claim to the extent it seeks monetary relief against Defendant Moye in his official capacity.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** any claims against Georgia State Prison and any claims against Defendant Moye in his official capacity.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is

not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 15th day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA