IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TYRAFRED CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. TERRY MOYE,<br><br>    Defendant. | CIVIL ACTION NO.: 6:19-cv-14 |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion for Summary Judgment, filed on April 19, 2021. Doc. 23. The Clerk of Court mailed a Notice to Plaintiff advising him Defendant filed a Motion for Summary Judgment and that his response had to be filed by May 10, 2021. Doc. 25. The Notice further advised Plaintiff:

1. If you do not timely respond to this motion . . . , the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Id. This Notice was not returned to the Clerk of Court as undeliverable to Plaintiff at his address of record. The time for Plaintiff to file a response has elapsed, and Plaintiff has not filed any response. Defendant's Motion is now ripe for adjudication.

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United

States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant's unopposed Motion for Summary Judgment. However, I further **RECOMMEND** the case remain open for consideration of punitive and nominal damages.

## BACKGROUND

I.      **Plaintiff's Allegations and Procedural History**

Plaintiff filed this § 1983 action on March 15, 2019, alleging Defendant violated his constitutional rights by subjecting him to excessive force while he was incarcerated at Georgia State Prison ("GSP"). Doc. 1. Plaintiff states on September 27, 2017, Defendant pepper sprayed him in the cell for refusing to follow orders. Id. at 5. Plaintiff alleges Defendant's conduct was sanctioned by high-ranking members of GSP. Id. As relief, Plaintiff only requests "currency for relief" (i.e., monetary damages). Id. at 6.

After frivolity review of Plaintiff's Complaint, the Court dismissed GSP as an improper party and dismissed Plaintiff's official capacity claims. Doc. 12. The parties completed discovery, and Defendant filed this Motion for Summary Judgment on April 19, 2021. Doc. 23. In his Motion, Defendant argues Plaintiff cannot recover on his claim because his injury was no more than *de minimis*. Doc. 23-2 at 4. Plaintiff has not filed a response in opposition, and the time to do so has expired.

## II. Undisputed Material Facts

It is important to note the allegations in Plaintiff's unsworn Complaint are not to be considered in resolving Defendant's Motion for Summary Judgment. See Chambliss v. Buckner, 804 F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered." (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986))). Defendant submitted a Statement of Material Facts ("Defendant's SMF") in support of his Motion for Summary Judgment, in accordance with the Federal Rule of Civil Procedure 56 and Local Rule 56.1. Doc. 23-1. Defendant's SMF is supported by the Declaration of Terry Moye, doc. 23-3, the deposition of Tyrafred Campbell, doc. 26-1, stripped cell/restraint authorization, doc. 23-4, and Georgia Department of Corrections' Incident Report Number 243068, doc. 23-5. Plaintiff has not responded to Defendant's SMF. However, when considering the record at summary judgment, "all justifiable inferences are to be drawn" in favor of the nonmovant. Shaw v. City of Selma, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal quotations omitted) (quoting Tolan v. Cotton, 572 U.S. 651 (2014)). Thus the Court identifies the following undisputed, material facts for the purposes of evaluating Defendant's Motion for Summary Judgment:

On September 17, 2017, the date of the incident giving rise to Plaintiff's claims, Plaintiff was a state prisoner confined in the D-East 4 Dormitory Cell #9 at GSP. Doc. 23-1 at 1. Defendant was a lieutenant assigned to work as the officer in charge. Id. Defendant received information Plaintiff had thrown coffee on a different officer and was to be put on stripped cell status as punishment.[1] Id. at 1–2. Defendant went to Plaintiff's cell and ordered him to strip and

---

[1] Some dispute exists on this fact: Defendant's SMF states the Plaintiff projected a "substance that smelled like feces," citing to Defendant's declaration. Doc. 23-1 at 1. However, Defendant also offers Plaintiff's deposition for the purposes of summary judgment, in which Plaintiff testified he threw a cup of

allow himself to be handcuffed to transport him to the security stripped cell. Id. at 2. Plaintiff complied with Defendant's orders by following instructions to remove his clothing and back up to be handcuffed.[2] Id. Defendant deployed a single two-second burst of pepper spray into Plaintiff's cell, handcuffed him, and immediately escorted him to GSP's medical unit for a use of force assessment. Id.

After the use of force assessment, the medical unit cleared Plaintiff to return to his cell. Id. Plaintiff was escorted to the shower to decontaminate and then was returned to his cell. Id. Plaintiff was able to get the spray off and stopped feeling the effects after an hour and a half. Id. Plaintiff testified he did not suffer injury beyond the immediate pain and discomfort of the spray. Id. Furthermore, Plaintiff did not request or receive any treatment other than the use of force assessment immediately following the incident. Id.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the

---

coffee on the officer. Doc. 26-1 at 25–26. As the nonmovant, all inferences are to be drawn in the Plaintiff's favor. Shaw, 884 F.3d at 1098.

[2] Again, there is a dispute about this fact. Defendant claims Plaintiff did not comply. Doc. 23-1 at 2. Plaintiff claims he did comply.

4

nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences which can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

**DISCUSSION**

Defendant argues he is entitled to summary judgment on Plaintiff's excessive force claim because, under the Prison Litigation Reform Act of 1995 ("PLRA"), Plaintiff cannot recover the monetary relief he is requesting when his physical injuries were no more than *de minimis*. Doc. 23-2 at 5.

**I.       Plaintiff Cannot Recover Compensatory Damages Under the PLRA**

The PLRA limits a prisoner's rights to monetary damages, stating: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

5

42 U.S.C. § 1997e(e).  To satisfy this requirement, "the physical injury must be more than *de minimis* but need not be significant."  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated*, *reh'g granted*, 197 F.3d 1059, *reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000), *overruled on other grounds by* Hoever v. Marks, 993 F.3d 1353, 1361 (11th Cir. 2021); Pierre v. Padgett, 808 F. App'x 838, 844 n.5 (11th Cir. 2020) (finding nothing more than a *de minimis* injury arising from pepper spraying where plaintiff asserted he experienced "a temporary burning sensation" because "momentary discomfort" is not sufficient to satisfy the physical injury requirement).  Several courts have held the typical effects of pepper spray do not arise above the level of *de minimis*.  See, e.g., Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (holding the discomfort felt by plaintiff after he was sprayed by pepper spray was only a *de minimis* injury); Moffett v. Hagan, No. 6:15-cv-108, 2016 WL 205402, at *4 (S.D. Ga. Jan. 15, 2016) ("[E]ven if Plaintiff had described the typical effects associated with pepper spray . . . . several courts have held such conditions are not sufficient to satisfy Section 1997(e)'s physical injury requirement.").

Here, Defendant sprayed Plaintiff only once with pepper spray.  Doc. 26-1 at 42.  The pepper spray gave Plaintiff a burning sensation in his eyes and subjected him to a "moment" of blindness.  Id. at 54.  However, Plaintiff was able to wash off the contamination within an hour and a half.  Id. at 72.  Plaintiff did not report additional ill-effects, physical or otherwise, to the medical unit.  Doc. 23-5 at 9.  Plaintiff experienced the typical effects associated with pepper spray—momentary discomfort in the form of a temporary burning sensation, without any lasting harm.  Plaintiff has not demonstrated he suffered an injury more than *de minimis*.  Therefore, under the PLRA, Plaintiff cannot recover compensatory damages, and Defendant is entitled to summary judgment in his favor on this ground.

6

As noted, Plaintiff seeks "currency for relief," which indicates a desire for monetary damages in general. Doc. 1 at 6. Liberally construed, Plaintiff seeks compensatory, nominal, and punitive damages. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting courts hold complaints of pro-se prisoners to less stringent standards than complaints drafted by lawyers). Nominal and punitive damages are designed to vindicate the deprivation of constitutional rights. Hoever, 993 F.3d at 1361. Thus, even if his injury is *de minimis*, Plaintiff is not automatically barred from seeking those types of damages. Id.; see also Furman v. Warden, 827 F. App'x 927, 935 (11th Cir. 2020) ("For a non-lawyer, pro se litigant (at least), a plea for compensatory damages or for general damages include nominal damages."); Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996) ("[P]unitive damages may be awarded in a § 1983 action even without a showing of actual loss by the plaintiff if the plaintiff's constitutional rights have been violated."). In his brief, Defendant acknowledges nominal and punitive damages could be available for Plaintiff's claim and does not move for summary judgment on those damages. Doc. 23-2 at 4 n.1. Therefore, I **RECOMMEND** the Court **GRANT** summary judgment to Defendant on Plaintiff's request for compensatory damages but leave Plaintiff's claim pending for consideration of nominal and punitive damages.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion for Summary Judgment. Because Defendant has not moved for summary judgment on Plaintiff's request for nominal or punitive damages, Plaintiff's claim remains pending. However, Plaintiff will be limited to recovering nominal and punitive damages

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge

7

failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 25th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA